# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 4, 2012

No. 11-50801
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE ARTURO ADAME-WILSON, also known as Javier Lopez Garcia, also
known as Fernando Morales Rodriguez,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-327-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Rene Arturo Adame-Wilson appeals the 30-month within-guidelines
sentence he received following his guilty plea to attempted illegal reentry and
personating another when applying for admission to this country. Adame-
Wilson argues that his sentence is greater than necessary to meet the sentencing
goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines
sentencing range was too severe because the district court (1) gave too much

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

weight to a previous conviction for drug trafficking, (2) did not consider his benign motive for attempting to illegally reenter the country, (3) did not consider that his reentry offense was a mere international trespass, and (4) did not consider that this was his first illegal reentry offense. He further contends that his sentence is not entitled to a presumption of reasonableness because the illegal reentry guideline, U.S.S.G. § 2L1.2, is not empirically based.

Generally, we review sentences for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009) (citation omitted). First, we consider whether the district court committed a significant procedural error. *Gall v. United States*, 552 U.S. 38, 51 (2007). If there is no error or the error is harmless, we review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.*; *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). However, because Adame-Wilson did not raise his substantive reasonableness argument in the district court, we review for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391–92 (5th Cir. 2007).

The record reflects that the district court heard Adame-Wilson's arguments in mitigation of his sentence but nevertheless concluded that a within-guidelines sentence was appropriate. *See United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). Accordingly, we decline Adame-Wilson's invitation to reweigh the sentencing factors because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). The fact that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

As he concedes, Adame-Wilson's empirical data argument is foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366–67 & n.7. We have rejected

the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is a trespass offense. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Furthermore, Adame-Wilson's sentence, which is at the bottom of the applicable guidelines range, is presumed reasonable. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 766 (5th Cir. 2008). His general disagreement with the propriety of his sentence and the district court's weighing of the § 3553(a) factors are insufficient to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010) (citations omitted); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted).

Adame-Wilson has not demonstrated that the district court plainly erred by sentencing him to a within-guidelines 30-month prison term. *See Gall*, 552 U.S. at 51; *Peltier*, 505 F.3d at 392. Accordingly, the judgment of the district court is AFFIRMED.